FILED
JAN - 8 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marion Leon Bea, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **09 0023** |
| v. ) | |
| ) | |
| Gene Johnson, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint.

Plaintiff is incarcerated in a Virginia state prison on a criminal sentence imposed by a Virginia state court. He challenges the legality of his conviction and the resulting sentence. He asks this court to reverse or vacate and remand his state conviction. This court is a court of limited jurisdiction and is not authorized to entertain plaintiff's complaint. The plaintiff has identified no federal law that authorizes this court to hear his complaint challenging his state conviction, and this court is aware of no such law.

Even if the plaintiff presented this court with a petition for a writ of *habeas corpus*, this court does not have jurisdiction to consider it. Provided the petitioner has exhausted his available state remedies, a state criminal conviction may be reviewed in federal court on a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, *see* 28 U.S.C. §2254(b)(1), but such a petition must be filed "in the district court for the district wherein such person is in

custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). As the plaintiff challenges his conviction entered by the Circuit Court for the County of Arlington, Virginia, and is now incarcerated in Wallens Ridge State Prison in Bigstone Gap, Virginia, his recourse is to either the United States District Court for the Eastern District of Virginia (where he was convicted) or the United States District Court for the Western District of Virginia (where he is in custody). Documents attached to the plaintiff's complaint establish that he has sought recourse from those courts, without success. Even if the Fourth Circuit were to authorize a successive petition, this court would not have jurisdiction to entertain it. Accordingly, this complaint will be dismissed for lack of subject matter jurisdiction.

    An appropriate order accompanies this memorandum opinion.

Date: 12/18/08

United States District Judge